## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA BOOZE, | : | |
| Plaintiff | : | No. 1:13-cv-02139 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JOHN E. WETZEL, et al., | : | (Magistrate Judge Schwab) |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff Joshua Booze's motion for reconsideration of objections he filed in response to Magistrate Judge Schwab's Report and Recommendation of December 16, 2013.  (Doc. No. 13.)  For the reasons that follow, the Court will grant Plaintiff's motion for reconsideration and consider Plaintiff's objections, but will nonetheless adopt Judge Schwab's Report and Recommendation.

## I.     BACKGROUND

On August 13, 2013, Plaintiff filed a complaint against twenty-two defendants, alleging numerous constitutional violations and tort claims.  (Doc. No. 1.)  Specifically, Plaintiff's complaint asserts claims of conspiracy to retaliate and discriminate, retaliation, violations of due process and equal protection, harassment, theft, willful and wanton misconduct, criminal coercion, actual malice, gross negligence, emotional distress, and official oppression in violation of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the Pennsylvania Constitution.  (Doc. No. 1 ¶¶ 88-107.)  Plaintiff's claims largely stem from his assertions that he was placed in the restricted housing unit ("RHU") on the restricted release list ("RRL") without hearing or explanation, and that prison officials are stealing his mail.  (Id. ¶ 87.)  Plaintiff seeks relief in the form of preliminary and permanent injunctions and damages.

1

(Id. at 18.)

Magistrate Judge Schwab issued a Report and Recommendation on December 16, 2013. (Doc. No. 10.)  Judge Schwab detailed the procedural and substantive history of Plaintiff's complaint thoroughly, and thus the Court will avoid extensive repetition of the facts here.  (See id.)  In her Report and Recommendation, Judge Schwab first recommended that the Court find that Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the sovereign immunity provision of the Eleventh Amendment.  (Id. at 16.)  Judge Schwab also recommended that the Court dismiss without prejudice Plaintiff's equal protection, retaliation, and civil conspiracy claims.  (Id. at 17, 27, 30.)  Further, she recommended the Court dismiss with prejudice Plaintiff's due process, procedural due process, and Eighth Amendment claims.  (Id. at 23, 25-26).  Finally, Judge Schwab recommended that the Court grant Plaintiff leave to proceed in forma pauperis.  (Id. at 31.)

The Court adopted the Report and Recommendation on January 9, 2014, and granted Plaintiff leave to file an amended complaint for those claims dismissed without prejudice within twenty-one days of the order.  (Doc. No. 11.)  One day later, the Court received Plaintiff's objections to Magistrate Judge Schwab's Report and Recommendation.  (Doc. No. 12.)  Plaintiff now moves the Court to reconsider its order adopting the Report and Recommendation on the grounds that he placed his objections in the prison mailroom on December 30, 2013, and therefore they should be considered timely under the "prison mailbox rule."  (Doc. No. 13.)  Plaintiff also filed an amended complaint on January 30, 2014.  (Doc. No. 14.)

II.     DISCUSSION

A.     Prison mailbox rule

Plaintiff's objections to Magistrate Judge Schwab's Report and Recommendation are dated December 30, 2013.  (See Doc. No. 12.)  In his motion for reconsideration, Plaintiff includes a receipt showing that he deposited mail in the prison mailroom on that same day.  (Id. at 7; Doc. No. 13 at 3.)  Although the objections were received seven days after the deadline, the "prison mailbox rule" considers the date of filing to be "when a prisoner transmits documents to prison authorities for mailing."  Spencer v. Beard, 351 Fed. App'x. 589, 590 (3d Cir. 2009).  Because Plaintiff's objections are dated before the January 2, 2014 deadline, the Court will consider his objections timely.  The Court will therefore address Magistrate Judge Schwab's Report and Recommendation and Plaintiff's objections thereto in turn.[1]

**B.     Eleventh Amendment sovereign immunity**

Magistrate Judge Schwab first recommends that the Court find that the Eleventh Amendment precludes Plaintiff's claims for monetary damages against Defendants in their official capacities.  (Doc. No. 10 at 16.)  Plaintiff does not specifically object to Judge Schwab's recommendation regarding sovereign immunity, and the Court finds no error in her recommendation.  Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation that Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.  The Court will thus consider only Plaintiff's claims for monetary damages against Defendants in their individual capacities and for injunctive relief.

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Rule 72(b) of the Federal Rules of Civil Procedure, provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

### C.     Plaintiff's Fourteenth Amendment claims

Plaintiff asserts three claims under the Fourteenth Amendment.  (Doc. No. 1 ¶¶ 89-107.)

Specifically, Plaintiff alleges that Defendants violated his right to equal protection, and twice

violated his right to due process.  (See id.)

### 1.     Plaintiff's equal protection claim

Magistrate Judge Schwab recommends that Plaintiff's Fourteenth Amendment equal

protection claim be dismissed without prejudice, because Plaintiff's complaint "makes no

allegations reflecting that he is a member of a protected class, much less that the defendants

discriminated against him on the basis of him being part of a protected class."  (Doc. No. 10 at

18.)  Plaintiff objects by arguing that he was "never given a hearing before being placed on a[n]

indefinite status in the RHU."  (Doc. No. 12 at 2.)

Plaintiff's objection is unpersuasive, and the Court finds that he has not stated a claim

under the Fourteenth Amendment's equal protection clause.  In order to state a prima facie claim

for discrimination in violation of the equal protection clause, Plaintiff must allege that he was a

"member[] of a protected class" and that he "received different treatment than that received by

other similarly-situated individuals."  Oliveira v. Twp. of Irvington, 41 F. App'x 555, 559 (3d

Cir. 2002) (internal citations omitted).  The Court finds that Plaintiff has not asserted that he is a

member of a protected class, or that he received treatment different to that of similarly situated

individuals.  Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation that

Plaintiff's Fourteenth Amendment equal protection claim be dismissed without prejudice.

### 2.     Plaintiff's due process claim for his placement on the RRL

Magistrate Judge Schwab next recommends that the Court dismiss with prejudice

4

Plaintiff's Fourteenth Amendment due process claim regarding his placement on the RRL,

because he has not asserted that the RRL status "subjected him to an atypical and significant

hardship." (Doc. No. 10 at 22-23.) See also Shoats v. Horn, 213 F.3d 140, 147 (3d Cir. 2000).

Plaintiff objects, arguing that Magistrate Judge Schwab erroneously considered his due process

claim to challenge only his placement on the RRL, when in fact he also intended to challenge his

initial placement in administrative custody. (Doc. No. 12 at 3.)

When officials informally and periodically review the status of a prisoner who is placed

in administrative custody such as RRL, they do not violate the prisoner's due process rights

unless the reviews are constitutionally inadequate. Shoats, 213 F.3d at 147. Magistrate Judge

Schwab recommends that the Court find Plaintiff failed to state a claim for a due process

violation under the Fourteenth Amendment, because Plaintiff's complaint stated that he received

periodic review of his status and did not allege that the reviews were inadequate. (Doc. No. 10

at 22.) The Court agrees with Judge Schwab's recommendation, and finds that Plaintiff has not

stated a due process claim based on his RRL designation.

Further, the Court finds that Plaintiff's argument that his initial placement in

administrative custody violated his due process rights fails. (See Doc. No. 12 at 3.) In his

complaint, Plaintiff alleged that he was initially placed in administrative custody for possessing a

razor blade. (Doc. No. 1 ¶ 33.) Plaintiff further asserted that he received a misconduct hearing

for this offense, pled guilty, was sentenced to seventy-five days in the RHU, and later received a

report informing him that he had been placed on administrative custody status. (Id. ¶¶ 34-35.)

Therefore, Plaintiff's complaint does not establish that his original placement in administrative

custody subjected him to "atypical and substantial hardship," in violation of the Fourteenth

Amendment due process clause, but rather provides the reasons why prison officials initially placed him in administrative custody. See Shoats, 213 F.3d at 147. Because Plaintiff admitted that his guilty plea at the misconduct hearing led to his administrative custody, and that he received periodic review of his status, the Court finds that even were Plaintiff permitted to amend his complaint, he could not establish that he suffered "atypical and substantial hardship" due to his placement in administrative custody, and specifically on the RRL. See id. Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation that Plaintiff's due process claim be dismissed with prejudice.

### 3. Plaintiff's due process claim for failing to investigate his criminal complaints

Finally, Magistrate Judge Schwab recommends that the Court dismiss with prejudice Plaintiff's claim that Defendants McGinley, Tobaz, Chapman, and Rosini violated his procedural due process rights under the Fourteenth Amendment by failing to investigate his criminal complaints. (Doc. No. 10 at 25.) Specifically, Judge Schwab recommends the Court find that Plaintiff did not have a property interest in having his criminal complaint investigated, and therefore cannot assert a claim for violation of his procedural due process rights. (Id.) Plaintiff objects, but does not address Judge Schwab's conclusion that he lacks a property interest in having his criminal complaint investigated. (Doc. No. 12 at 3-4.) Instead, Plaintiff argues that he "has a United States Constitutional right" to know that his mail will not be opened. (Id. at 4.)

Plaintiff's objection does not address Judge Schwab's recommendation, and the Court finds no error in her analysis. Thus, the Court finds that Plaintiff has not stated a claim for violation of his procedural due process rights under the Fourteenth Amendment. Further, because the United States Court of Appeals for the Third Circuit has clearly stated that "there is

no constitutional right to an investigation or a prosecution," the Court finds that Plaintiff would

be unable to correct pleading deficiencies for this claim through an amended complaint. Sanders

v. Downs, 420 F. App's 175, 180 (3d Cir. 2011). Accordingly, the Court will adopt Magistrate

Judge Schwab's recommendation that Plaintiff's Fourteenth Amendment procedural due process

claim be dismissed with prejudice.

> **D.      Plaintiff's Eighth Amendment Claims**

Magistrate Judge Schwab recommends that the Court dismiss with prejudice Plaintiff's

claim that Defendants violated his Eighth Amendment rights by placing him on the RRL, and

more generally in administrative custody. (Doc. No. 10 at 25.) Specifically, Judge Schwab

recommends that the Court find Plaintiff failed to allege he was deprived of "the minimal

civilized measure of life's necessities," as required to state an Eighth Amendment claim. (Id.);

Griffin v. Vaughan, 112 F.3d 703, 709 (3d Cir. 1997). Plaintiff objects, but again focuses his

objections on his placement in RRL, rather than the conditions of his RRL confinement. (Doc.

No. 12 at 4.)

To establish that he was deprived of "the minimal civilized measures of life's

necessities," Plaintiff must show he suffered a "sufficiently serious" deprivation, and that prison

officials "acted with deliberate indifference in subjecting him to that deprivation." Griffin, 112

F.3d at 709. Placement in administrative custody such as RRL does not itself constitute an

Eighth Amendment violation. Id. Thus, in order to state an Eighth Amendment claim, Plaintiff

must assert facts beyond the mere assertion that he was placed on the RRL. See id. The Court

finds that Plaintiff has not stated an Eighth Amendment claim. He does not assert any facts

indicating he was denied "minimal civilized measures of life's necessities . . . such as food,

clothing, shelter, sanitation, medical care and personal safety." Id.  Further, in his objections Plaintiff concedes that he was placed on RRL status "due to the safety and security of the institution," thereby indicating that his placement was not arbitrary. (Doc. No. 12 at 4.) Accordingly, the Court finds that Plaintiff has not alleged a claim for violation of the Eighth Amendment, and will adopt Judge Schwab's recommendation that Plaintiff's Eighth Amendment claim be dismissed with prejudice.

**E.      Plaintiff's Fifth Amendment claims**

Magistrate Judge Schwab recommends that the Court dismiss with prejudice any Fifth Amendment claims Plaintiff attempts to assert, because "the Fifth Amendment . . . only applies to actions of (or by) the Federal Government," and Plaintiff has only asserted claims against state actors. (Doc. No. 10 at 26.)  See also Colon-Montanez v. Pa. Healthcare Serv. Staffs, 530 F. App'x 115, 118 (3d Cir. 2013).  Plaintiff does not include specific objections to Judge Schwab's recommendation regarding his Fifth Amendment claims, and the Court finds no error in her recommendation.  Accordingly, the Court will adopt Judge Schwab's recommendation that Plaintiff's Fifth Amendment claims be dismissed with prejudice.

**F.      Plaintiff's retaliation claims**

Next, Magistrate Judge Schwab recommends the Court dismiss Plaintiff's retaliation claims without prejudice, because Plaintiff has not sufficiently established a causal nexus between his alleged constitutionally protected activity and Defendants' alleged retaliation. (Doc. No. 10 at 27-28.)  Plaintiff objects, stating that his complaint "shows a pattern of antagonism" against him, thereby properly asserting a claim for retaliation. (Doc. No. 12 at 6.)  He specifically points to paragraph 66 of his complaint, which states that Defendant Stetler told him,

"since the first day that you stepped in our jail, we been watching every piece of mail that you

sent out and what came in and I listen to all of your phone calls personally."  (Doc. No. 1 ¶ 66.)

To state a retaliation claim, Plaintiff must, as a threshold matter, establish "that the

conduct which led to the alleged retaliation was constitutionally protected."  Rauser v. Horn, 241

F.3d 330, 333 (3d Cir. 2001).  Next, Plaintiff must assert "he suffered some adverse action at the

hands of the prison officials," such that "the alleged retaliatory conduct was sufficient to deter a

person of ordinary firmness from exercising his First Amendment rights."  Id. (internal citations

omitted).  Finally, Plaintiff must establish "a causal link between the exercise of his

constitutional rights and the adverse action taken against him," by showing that "the

constitutionally protected conduct was a substantial or motivating factor in the decision to

discipline the inmate."  Id. (internal citations omitted).

Filing grievances "against prison officials constitutes constitutionally protected activity"

and therefore, Plaintiff meets the test's threshold requirement.  See Mearin v. Vidonish, 450 F.

App'x 100, 102 (3d Cir. 2011).  However, the Court finds that Plaintiff has not established that

the alleged adverse action, mail theft, causally resulted from his constitutionally protected

activity of filing grievances against prison officials.  Although Plaintiff argues in his objections

that Defendant Stetler's comments regarding the alleged monitoring of Plaintiff's mail indicate

"a pattern of antagonism" against him, Plaintiff's complaint also states that he "received a

misconduct report from Defendant Long from security office, which states that he [Long] opened

plaintiffs' [sic] outgoing mail," and thus all of his outgoing letters written "to get help from the

outside of prison," were intercepted by prison security.  (Id. ¶ 65.)  As alleged, it appears that

Plaintiff asserts that prison officials intercepted and read his outgoing mail for security reasons

due to Plaintiff's misconduct, rather than for retaliatory purposes.  (See id. ¶¶ 65-66.)  Thus, the

Court finds that Plaintiff's complaint does not meet the causation requirement to establish

retaliation.  However, because Plaintiff's complaint is not absolutely clear regarding the reasons

why his mail was allegedly intercepted, the Court will adopt Judge Schwab's recommendation

that Plaintiff's retaliation claims be dismissed without prejudice.

> ### G.      Plaintiff's civil conspiracy claims

Finally, Magistrate Judge Schwab recommends that the Court dismiss Plaintiff's civil

conspiracy claims without prejudice, because Plaintiff's complaint "fails to allege the existence

of any agreement between any of these defendants, much less between any of the separate

groups of defendants."  (Doc. No. 10 at 30.)  Plaintiff objects, asserting that the existence of a

civil conspiracy is "clear" from his complaint, and that Defendants must have conspired together

in order to prevent his mail from being sent.  (Doc. No. 12 at 6.)  Plaintiff also requests that the

Court allow discovery on the issue before dismissing his complaint.  (Id.)

To bring a civil conspiracy claim under Section 1983, a plaintiff must meet the

requirements of a state law conspiracy claim.  Ammlung v. City of Chester, 494 F.2d 811, 814

(3d Cir. 1974).  In Pennsylvania, a plaintiff must establish: "(1) a combination of two or more

persons acting with a common purpose to do an unlawful act or to do a lawful act by an unlawful

means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose;

and (3) actual legal damage."  Phillips v. Selig, 959 A.2d 420, 437 (Pa. Super. Ct. 2008).  Judge

Schwab recommends dismissal without prejudice because Plaintiff failed to establish the most

basic elements of a conspiracy, in that he did not plead "the existence of an agreement and

concerted action."  (Doc. No. 10 at 29.)

The Court finds that Plaintiff has not stated a claim for civil conspiracy.  Further, the Court finds Plaintiff's objections offer only legal conclusions regarding any alleged agreement between the various Defendants or groups of Defendants.  (See Doc. No. 12 at 6) ("Every Defendant in this complaint had to have knowledge in order to vote to put the plaintiff on RRL . . . .")  "[T]he plaintiff watch's [sic] his mail go into the lock-box . . so the mailroom employees had to conspire with defendants . . . to let defendants read, monitor and steal the mail.")  Essentially, Plaintiff asserts that the alleged end result of Defendants stealing his mail is proof enough that Defendants engaged in a civil conspiracy.  (See id.)  However, Plaintiff does not plead any facts suggesting that Defendants unlawfully formed an agreement to intercept Plaintiff's mail.  Thus, the Court finds that Plaintiff does not present a "factual basis to support the existence of the elements of a conspiracy."  Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010) (internal quotations omitted).  Accordingly, the Court will adopt Magistrate Judge Schwab's recommendation that Plaintiff's civil conspiracy claim be dismissed without prejudice.

## IV.    CONCLUSION

After review of the Report and Recommendation and Plaintiff's objections thereto, the Court will adopt Magistrate Judge Schwab's recommendation that Plaintiff's equal protection, retaliation, and civil conspiracy claims be dismissed without prejudice, and Plaintiff's due process, procedural due process, and Eighth Amendment claims be dismissed with prejudice. The Court will also adopt Magistrate Judge Schwab's recommendations that the Eleventh Amendment prohibits Plaintiff's damages claims against Defendants in their official capacities, and that Plaintiff's motion for leave to proceed in forma pauperis be granted.  Plaintiff's claims of harassment, theft, willful and wanton misconduct, criminal coercion, actual malice, gross

negligence, emotional distress, and official oppression will be considered with Plaintiff's

amended complaint.  Finally, because the Court will adopt Magistrate Judge Schwab's Report

and Recommendation in full, and because Plaintiff has already filed an amended complaint on

January 30, 2014 in response to the Report and Recommendation (Doc. No. 14), the Court finds

that Plaintiff need not file an additional amended complaint.  An order consistent with this

memorandum follows.