IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA BOOZE, | : | |
|     Plaintiff | : | No. 13-cv-2139 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| JOHN WETZEL, et al., | : | (Magistrate Judge Carlson) |
|     Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On August 13, 2013, Plaintiff Joshua Booze filed a civil rights action pursuant to 42 U.S.C. § 1983 against twenty-two correctional employees and law enforcement officers, alleging inter alia that Defendants stole his mail and placed him on the restricted release list without a hearing. (Doc. No. 1 ¶¶ 87, 90-91, 96-99.) Plaintiff amended his Section 1983 complaint on January 30, 2014 while incarcerated at State Correctional Institution - Dallas.[1] (Doc. No. 14.)

On September 2, 2015, this Court adopted Magistrate Judge Carlson's Report and Recommendations (Doc. Nos. 56, 57), and dismissed Plaintiff's procedural due process claims (Doc. No. 55 at 12-14); conspiracy to deny access to the courts claims (id. at 20, 25); retaliation claims (id. at 33-34); intentional tort claims (id. at 38-39); supervisory liability claims against Defendants Wetzel, Klopotoski, Varano, Ellett, G. Miller, Luscavage, and M. Miller (see id. at 16-18); and claims against Defendant Anthony J. Rosini (Doc. No. 54). Magistrate Judge Carlson also recommended that Plaintiff's remaining claims regarding the alleged theft of his prison mail proceed forward. (Doc. Nos. 40, 55 at 39.)

On January 22, 2016, the remaining Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. Nos. 60, 62 at 1-2.) Defendants argue

---

[1] Plaintiff Booze is presently incarcerated at State Correctional Institution – Greene in Waynesburg, Pennsylvania. (Doc. No. 72 at 11.)

that Plaintiff failed to exhaust his administrative remedies regarding the allegations of mail tampering and that "no reasonable trier of fact could find for Plaintiff with regard to his claims of mail tampering." (Doc. No. 62 at 2.)  After receiving an extension of time, Plaintiff filed a brief in opposition to Defendants' motion for summary judgment on March 3, 2016.  (Doc. No. 69.)

On April 5, 2016, Magistrate Judge Carlson issued a Report and Recommendation, recommending that this Court grant Defendants' summary judgment motion on the merits.  (Doc. No. 71 at 3, 18-19.)  Magistrate Judge Carlson reasoned that Plaintiff's allegations of mishandled mail lacked evidentiary foundation.  (Id. at 15, 18.)  On April 20, 2016, Plaintiff Booze filed objections to the Report and Recommendation.  (Doc. No. 72.)  Plaintiff argued that the purported lack of supporting evidence is a result of Magistrate Judge Carlson's denial of Plaintiff's motion to compel discovery.  (See Doc. No. 71 at 1, 4-5, 8-9; see Doc. Nos. 64, 65, 67.)  The Court finds that Magistrate Judge Carlson correctly and comprehensively addressed the substance of Plaintiff's objections in the Report and Recommendation and in the February 10, 2016 memorandum order.  (Doc. Nos. 67, 71.)  Accordingly, the Court will not write separately to address Plaintiff's objections.

**AND SO**, upon independent review of the record and applicable law, on this 5th day of July 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Carlson's Report and Recommendation (Doc. No. 71), is **ADOPTED**;

2. Defendants' motion for summary judgment (Doc. No. 60), is **GRANTED**;

3. Plaintiff Joshua Booze's objections (Doc. No. 72), are **OVERRULED**;

4. The Clerk of Court is directed to close the above-captioned case.

>s/ Yvette Kane
>Yvette Kane, District Judge
>United States District Court
>Middle District of Pennsylvania